# Fuller *v.* Boggs.

### *Rehearing after Final Judgment at Law.*

*Order granting rehearing; how revisable.* — An order granting a rehearing after final judgment at law (Rev. Code, § 2814) is interlocutory merely, and not revisable by appeal until after final judgment is again rendered in the cause; if the order is improperly granted, the remedy, before final judgment, is by *mandamus.*

APPEAL from the Circuit Court of Dallas. Tried before the Hon. M. J. SAFFOLD.

J. B. PHILLIPS, for appellant.

J. L. EVANS, *contra.*

PECK, C. J. — The appeal in this case is from an order of the Circuit Court of Dallas County, granting a rehearing, under § 2814 (R. C.), which provides that where a party has been prevented from making his defence by surprise, accident, mistake, or fraud, without fault on his part, he may apply for a rehearing at any time within four months from the rendition of the judgment. Such an application is made by petition to a judge of the Circuit Court, in writing, stating the matter complained of, with a prayer for relief. The facts stated must be sworn to, unless they appear on the transcript of the record to be submitted with the petition. The adverse party must have ten days' notice of the judge before whom, and of the time and place where the application is to be made, and also a copy of the petition, to be served on him ten days before the application is made, and may controvert the petition by affidavits in writing; the judge to whom the application is made must, if he is satisfied that the applicant is entitled to the relief sought, make the necessary order for a *supersedeas*, or in restraint of the issue or collection of the execution; and the judge shall have power to impose such terms as he may think proper for granting an order for the *supersedeas*. Rev. Code, §§ 2815, 2816.

The case in which this rehearing was granted originated in a Justice's Court. The appellants sued the appellee in that court, to recover a sum under one hundred dollars, and recovered a judgment for ninety-two dollars and thirty-two cents, besides costs. The defendant appealed to the Circuit Court, where a trial was had before a jury, and the plaintiffs recovered a judgment for eighty-one dollars and sixty cents. Within four months the defendant applied to a circuit judge, in vacation, by petition, for a *supersedeas* and a rehearing. A *supersedeas* was ordered to be issued, and at the next term of the Circuit Court, the petitioner moved the court for a rehear-

[Firestone v. Firestone.]

ing; thereupon, the plaintiffs demurred to the petition, and, among causes of demurrer, assigned that the facts set out in the petition did not show that the surprise complained of by the defendant was without fault on his part. The demurrer was overruled, and a rehearing ordered. From said order granting a rehearing, the plaintiffs appeal to this court.

The appeal must be dismissed. An order granting a rehearing, under said section 2814, is not a final order or judgment, from which an appeal will lie to this court. *Broyles* v. *Maddox*, 43 Ala. 357; *Sanders et al.* v. *Cabiness*, Ib. 173. The principle decided in these cases, although arising under a different statute, is analogous to the principle involved in the present case, to wit, that an order granting a rehearing, or a new trial, after final judgment, and after the adjournment of the court, by virtue of a special statute for that purpose, is interlocutory in its character, and that no appeal will lie, in such a case, to this court. The remedy, where such an order is improperly granted, before final judgment, is an application to this court for a *mandamus*, to compel the court, by whom the order was made, to set it aside; and after final judgment, by appeal, assigning the improper granting of such order for error, and if improperly granted, the judgment for such error will be reversed.

We decline to decide whether the facts stated in the petition, if true, were sufficient to entitle the defendant to a rehearing. It is improper to decide this question, as the case is now presented. However, we refer to the cases named in the note to said section 2814, as bearing on this question.

Let the appeal be dismissed, at the appellant's costs.