## Bruce's Executrix *v.* Williamson *et al.*

### *Statutory Rehearing after Final Judgment at Law.*

1. *When rehearing (Rev. Code, § 2814) will not be granted.* — A rehearing after final judgment at law (Rev. Code, § 2814), on the ground of surprise or mistake, will not be granted, because the petitioners entertained an erroneous opinion as to the competency of the sole witness on whom they relied, and therefore made no effort to procure other testimony; especially when the testimony of the witness, if he were competent, would not have been admissible under the issues joined.

2. *When mandamus will be granted.* — In this case, which was an *appeal* from a judgment granting a statutory rehearing after final judgment at law (Rev. Code, § 2814), the court, holding that the rehearing was improperly granted, awarded a *mandamus* to vacate it, on motion of the appellant.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

The appellant in this case, suing as the executrix of the last will and testament of Jacob Bruce, deceased, recovered a judgment at the October term of said circuit court, 1871, against Thomas P. Williamson and James T. Giddens. On the 8th February, 1872, said Giddens filed his petition under the statute (Rev. Code, § 2814), asking a rehearing on the ground of surprise, accident, or mistake. The court overruled a demurrer to the petition, and issue being then joined on the allegations of the petition, there was a trial by a jury, and a verdict for the petitioner, under the charges of the court; and the court thereupon rendered judgment, granting a rehearing in the original cause. From this judgment the plaintiff in the original suit prosecutes this appeal, and here assigns as error the overruling of the demurrer to the petition, the charges of the court to the jury, to which exceptions were reserved, and the judgment granting a new trial. The appellees submitted a motion to dismiss the appeal, on the ground that an appeal does not lie from such a judgment; and the appellants submitted a counter motion for a *mandamus*, in the event of the appeal being dismissed, to vacate the judgment of the court below. The two motions were argued and submitted together, and the cause was heard on the merits at the same time.

R. M. WILLIAMSON, for appellant.

WATTS & TROY, *contra.*

B. F. SAFFOLD, J. — The appellant comes to this court for relief from a judgment of the circuit court granting a rehearing under R. C. § 2814, in a cause in which she recovered a judgment against the appellees. The allegations of the petition for rehearing, and the evidence adduced on the trial of it, make out the following case : The appellant, in a suit on a promissory note made by the appellees, payable to her testator, recovered a judgment against them. The latter were partners, and gave the note for money borrowed to use in their business. On the trial, they expected to prove by appellee, Williamson, that, after their dissolution, the testator, Bruce, called on him for their account against him, and he delivered it, amounting to about $500, to him. At the time, Williamson individually owed Bruce about $3,000. The account presented was not receipted, and nothing was said about its payment, or that it should be credited on either of the debts due to Bruce. Williamson had, on the dissolution, assumed to pay the partnership debts, but he had never done so. They were surprised to learn that Williamson was not a competent witness to prove these transactions with Bruce. But they had been told so by the plaintiff's attorney. They did not know, at the trial, of any other witness by whom they could prove the delivery of their account to Bruce, which is alleged to have been a payment of so much on the note in suit ; but so confident were they of proving it by Williamson, they had made no inquiry on the subject. Since the trial another witness of the fact was discovered.

The showing for a rehearing was wholly insufficient. Williamson's testimony, upon which they were willing to rely, would have proved, not a payment, but a conversion of their open account into a stated one. It would, at most, have been available to them as an offset ; but they did not so plead it. Their pleas were payment and usury. Besides this, they were only mistaken in the supposed competency of their witness, about which they could, without difficulty, have been informed, and were informed, as the evidence clearly shows.

At the June term, 1873, of this court, on account of adverse holdings on the subject, it was declared in *Ex parte Anna North*, that in future our practice would be, to entertain appeal when the petition for rehearing was denied, and application for *mandamus* when the rehearing was improperly granted. In obedience to this decision, a *mandamus* will be issued to the circuit court of Lowndes county, to set aside and vacate the order and judgment of that court granting a rehearing, and to reinstate the judgment petitioned against. The costs of the appeal in this court, and the entire cost of the proceeding in the lower court, are charged against the appellees.