EARL A. SMITH AND ANOTHER vs. THE CITY OF WATER-
BURY AND OTHERS.

New Haven Co., June T., 1886.   PARK, C. J., CARPENTER, PARDEE,
LOOMIS AND GRANGER, Js.

The 24th amendment of the state constitution prohibits the legislature
from increasing the compensation of any public officer during his con-
tinuance in office. Held that by continuance in office was meant con-
tinuance in office under one appointment.

A city attorney was appointed in 1877 and held the office until July, 1881, when he was re-appointed. Held that he could take the benefit of an increase of compensation allowed by a statute passed before his last appointment.

A city ordinance provided that the city attorney should receive a certain salary in lieu of all other compensation. A later statute gave him fees for the trial of cases for the city. Held that as the statute related only to a small portion of the duties of the attorney it could not have been intended as a substitute for the former provision, and was to be regarded as cumulative.

And held that the statute was not to be construed as applying only to cases in the local court.

Held also that a trial before the railroad commissioners was to be regarded as coming within the provision of the statute.

[Argued June 8th—decided July 8th, 1886.]

SUIT for an injunction against the payment by the treasurer of the defendant city of an order in favor of Stephen W. Kellogg, who was also made defendant; brought to the Superior Court in New Haven County, and heard before *Phelps, J.* Facts found and judgment rendered for the defendants. Appeal by the plaintiffs. The case is fully stated in the opinion.

*J. W. Alling,* for the appellants.

*S. W. Kellogg* and *J. O'Neil,* for the appellees.

CARPENTER, J. Stephen W. Kellogg was city attorney for the city of Waterbury from 1877 to 1883. In 1881, by an act of the legislature it was provided that " the city attorney shall be entitled to fees for his services in cases tried for said city." It is contended in behalf of the plaintiff that this act is inoperative as to Mr. Kellogg for the reason that it is in conflict with the 24th amendment to the constitution of the state prohibiting the legislature from increasing the salary of any public officer during his continuance in office.

Was this a continuance in office within the meaning of the constitution ? He was first appointed city attorney in 1877 and held the office in fact until July, 1881. Parol evi-

dence was offered and received to prove that he was re-appointed in 1879. A question is made as to the admissibility of that evidence, but it is unimportant because he in fact held the office and discharged its duties from 1879 to 1883, and the question does not relate to the legality of his appointment, but to his right to charge fees, not from 1879 to 1881, but from 1881 to 1883. On the first Monday in July, 1881, he was duly appointed, the judge making the appointment fixing the term of his office at two years. From 1877 to 1881 the attorney was appointed by the judge of the City Court. After that he was appointed by the judge of the District Court. The two courts were substantially the same under different names, and the same person was judge in both courts. They were the same so far as this controversy is concerned.

The statute is silent in respect to the term of office of the city attorney, but the judge who appointed him held office for two years. We think his appointee would hold office for at least the same time unless sooner removed. Whether the judge could appoint absolutely for two years, thus depriving himself of the power of removal, is a question we have no occasion to discuss. The attorney in fact under each appointment held his office for two years. In 1881, when the City Court ceased to exist, he was appointed by the judge of the District Court without prescribing the tenure of his office, which office he in fact held for two years, when his successor was appointed. His term of office was practically the same as that of the judge who appointed him.

By " continuance in office " the constitution means continuing in office under one appointment. When Mr. Kellogg was appointed in 1879 he continued to hold under that appointment until the judge's term of office expired, which was on the first Monday in July, 1881. On that day he was re-appointed by the judge of the District Court. Afterwards he held under that appointment and not under an appointment previously made. It follows that the constitution does not prevent the operation of the statute of 1881 in re-

spect to fees charged by Mr. Kellogg during his last term of office.

A city ordinance passed in 1880 provides that the city attorney shall receive a salary in lieu of all other compensation. The act of 1881 gives him fees for the trial of cases. The plaintiffs claim that the act should be construed as giving him the option to take his salary or trial fees, but should not be construed as giving him both. We do not think the statute should be so construed. Unlike the ordinance the statute is not in terms in lieu of all other compensation; and does not in terms require him to elect which he will receive. The ordinance expressly fixes the compensation for all of his official duties; the statute relates only to a small portion of those duties—the trial of cases. That difference excludes the inference that the latter was designed as a substitute for the former. The only rational construction is that the statute was intended to be cumulative.

It is further contended that the act of 1881 is to be construed as applying only to cases tried in the District Court. The language of the act does not so limit it. The city is liable to have litigations before other tribunals. Indeed the same case may be tried in the City Court and also in the Superior Court and in the Supreme Court of Errors. We can hardly impute to the legislature an intention to give trial fees in the District Court and not in the higher courts.

There are included, in the amount allowed to Mr. Kellogg, fees charged for the trial of certain matters before the railroad commissioners. Another objection is that the act of 1881 will not justify those charges. The language of the act is—" in cases tried for said city." Bouvier defines a " case " to be " a contested question before a court of justice ; a suit or action ; a cause." Webster defines it to be " a state of facts involving a question for discussion or decision; especially a cause or suit in court." These definitions are sufficiently comprehensive to include matters pending before railroad commissioners. They are a special tribunal authorized by statute to hear and determine certain matters pertaining to railroads. Towns and other commu-

nities and individuals often have important interests involved in such matters; and these interests are generally determined and the rights of the parties settled after formal and expensive trials. Such a matter may properly be called a case, and the tribunal before which the questions involved are discussed and by which they are decided may with equal propriety be called a court of justice; not an ordinary court to be sure, but a special tribunal authorized to administer justice in a class of cases which experience proves cannot so conveniently and so satisfactorily be tried before the regular courts.

There is no error in the judgment complained of.

In this opinion the other judges concurred.