176 So. 181

## BURGER–PHILLIPS CO. v. PHILLIPS.

### 6 Div. 93.

Supreme Court of Alabama.

June 24, 1937.

Rehearing Denied Oct. 14, 1937.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellant.

Wm. S. Pritchard and David R. Solomon, both of Birmingham, for appellee.

BROWN, Justice.

This is a proceeding under the Elective Workman's Compensation Law (Code 1923, § 7543 et seq.), to ascertain the extent of the injury and amount of compensation to the workman for injury received on July 11, 1934, by accident arising out of and in the course of his employment.

The record discloses that on February 18, 1935, the parties filed a joint petition in the circuit court of Jefferson county requesting the court to approve a lump-sum settlement —a proceeding authorized by section 7550

of the Code. The order was entered on the date of filing this petition. Thereafter, on June 15, 1935, the injured workman filed in the said cause a motion or petition to vacate this settlement on the ground of fraud practiced on the workman by the agent of the employer, and the representative of the bonding company carrying the risk in that said agent and representative falsely stated to the petitioner that the surgeon who had examined him "had reported that his then disability would be of no longer than three months' duration—at the end of which time the said petitioner would be fully recovered," that he relied on said statement of said representative and agent and was induced thereby to enter into said settlement.

On a hearing of the petition to vacate the settlement, on testimony given ore tenus, the circuit court granted the same, and allowed the workman to file his complaint to have the extent of his injury and the amount of his compensation ascertained.

The employer thereupon applied to the Court of Appeals for mandamus, to review and reverse said order of the circuit court. The writ of mandamus was denied December 17, 1935, and rehearing denied January 14, 1936. Ex parte Burger-Phillips Co., 27 Ala.App. 619, 167 So. 918.

And on application for certiorari to review that ruling, this court denied the writ, March 19, 1936. 232 Ala. 672, 167 So. 916.

The proceeding under section 7550 of the Code to vacate an order approving a settlement is analogous to a proceeding for rehearing under the four months' statute, Code 1923, § 9521, and it is well settled that, where such rehearing is granted, mandamus is the appropriate proceeding to review the order granting the same. Ex parte North, 49 Ala. 385; Fuller v. Boggs, 49 Ala. 127; Heflin v. Rock Mills Mfg. & Lumber Co., 58 Ala. 613; O'Neal v. Kelly, 72 Ala. 559; Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Bruce's Ex'x v. Williamson, 50 Ala. 313.

We hold, therefore, that mandamus was the appropriate remedy to review the order of the circuit court vacating the settlement under section 7550 of the Code.

The petitioner having had its day in court on the question of the soundness of the said order vacating the order approving the settlement is concluded by that proceeding to have the question re-examined.

Moreover, the findings of the circuit court on the motion to vacate the order approving the settlement on conflicting evidence given ore tenus has the force of a verdict of a jury and will not be disturbed unless plainly and palpably unsupported by complainant's evidence. Gray v. Handy, 204 Ala. 559, 86 So. 548.

We find, in the record, evidence which tends to support the judgment and conclusion of the circuit court on the motion to reopen the case.

The other questions argued depend upon the unsoundness of the order vacating the settlement.

Our judgment, after due consideration, is that the judgment of the circuit court should be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.