37 So.2d 104

## CITY OF MOBILE v. MERCHANTS NAT. BANK OF MOBILE.

I Div. 324.

Supreme Court of Alabama.

Oct. 7, 1948.

Harry Seale, of Mobile, for appellant.

Caffey, Gallalee & Caffey, of Mobile, for appellee.

FOSTER, Justice.

This appeal is in the same case reported in 250 Ala. 159, 33 So.2d 457. After that opinion was announced the cross bill was

amended, to which demurrer was sustained, with this appeal following. As noted on the former appeal, a foreclosure sale was made of parcels of land in Mobile on January 27, 1941, for the failure to pay an improvement assessment. This controversy arose in a proceeding in equity to redeem by appellee as the owner of the property subject to the sale. The city was the purchaser as trustee for the bondholders. See, City of Mobile v. Smith, 223 Ala. 480, 136 So. 851.

The controversy relates to the amount to be calculated as interest on the amount of the purchase price. At the time of the assessment and the issuance of bonds to finance the improvement, the rate of interest provided by law to be computed on redemption was fifteen percent from date of the foreclosure sale. The lien and claim were assigned as security for the bonds by the city acting under the law as in the nature of a fiscal agent. Acts 1927, pages 753, 771, section 50. By an Act of 1932, Extra Session, page 272, the rate was reduced to ten percent, and on March 16, 1939, Acts 1939, page 354, it was reduced to eight percent. That Act was in effect when the foreclosure sale occurred January 27, 1941. The Code of 1940 in effect May 31, 1941, section 562, Title 37 reduced the rate to six percent.

On former appeal the only question was whether the fifteen percent was applicable to this foreclosure, notwithstanding such change in the rate subsequent to the assessment. The Court found the law to be that a rate of interest so fixed as a condition to redemption is not a contract rate nor interest provided by law for a loan or forebearance as in section 60, Title 9, Code, but an amount prescribed by law as a condition to redemption. There is no personal obligation to pay it expressed or implied. See, Evans v. Rhode Island Hospital Trust Co., 67 Minn. 160, 69 N.W. 715, 1069, in addition to those cases cited on former appeal.

Whether the legislature may remit a penalty prescribed by law for usury in respect to past transactions, the cases seem to be somewhat in conflict, but the power to do so is, we find to be, well supported (66 Corpus Juris 360, section 386).

The Court held on the former appeal that to the extent that it is in excess of the lawful rate, it is a penalty with the right of the legislature to remit such excess; that the acts referred to had the effect of reducing the fifteen percent, so that the city had no right to claim the full amount of it, and observed that the question of whether the rate of eight percent or six percent should prevail should be determined on the issues made by the bill and answer.

After that opinion was announced the city amended its cross bill showing that at the time of the foreclosure sale the rate was fixed by law at eight percent, and repeating that the city in issuing the bonds and pledging the assessments also pledged the interest collectible at fifteen percent. The effect of such pledge was considered on former appeal, and needs no further discussion.

We are cited by appellant to the case of Morris v. Card, 223 Ala. 254, 135 So. 340, which does not seem to have been cited or considered on the former appeal. That was a suit in equity by a taxpayer, who had remained in possession after the sale, to enforce the right conferred by what is now section 296, Title 51, Code of 1940; Acts 1915, page 475, section 240; Acts 1919, page 366, section 288: note also section 289, Title 51, Code. The sale was made January 20, 1917, the suit to redeem was filed in 1929. The Act of 1915 was in effect when the sale was made and provided for interest at ten percent. The Act of 1919, supra, and the Code of 1923, section 3108, made the interest rate fifteen percent.

The change did not on its face expressly apply to sales which had previously been made. The Court in that case merely observed that the statute that applied was that of the date of the assessment and sale (which fixed ten percent and not fifteen percent in effect at the time of the redemption). There the rate was increased by subsequent act not made expressly to apply to former sales. As a rule the law looks to the future not past transactions, unless otherwise expressed. And an additional penalty will not be add-

ed so as to affect a past transaction. 66 Corpus Juris 360, section 386.

But section 562, Title 37, Code, here involved, expressly applies to any real estate "heretofore or hereafter sold for the satisfaction of a local 'improvement'", fixing the interest rate at six percent from the date of sale; whereas the last previous act applicable fixed it at eight percent. This suit was filed after the Code went into effect, but the sale occurred January 27, 1941, before the Code went into effect, and while the Act of 1939, supra, was effective, which fixed the rate at eight percent.

Appellant is insisting that the former opinion did not give effect to the case of Morris v. Card, supra, holding that the applicable act was the one in effect at the date of the assessment and sale. That would be eight percent at the date of sale as claimed in the amended cross bill, or fifteen percent at the date of the assessment.

■ There is a difference in the principle of the two cases. One does not expressly apply to past transactions, the other does. One increases the burden, the other decreases it. While a penalty may be reduced in respect to a past transaction, the burden of it cannot be increased after the transaction has occurred. We still think the opinion on former appeal is expressive of the correct view of the law applicable to this situation.

We again note that it was there held that it was only the excess of interest over the "lawful rate" which was a penalty subject to reduction. The purchaser should receive interest on his outlay as compensation for its use. When he receives that, the balance may be treated as a gratuity to him and a penalty on the taxpayer for his failure to meet promptly this government burden.

When the sale was made in January, 1941, what is now section 60, Title 9, Code, was the law by virtue of the Act of February 9, 1935, whereby the rate of interest was fixed at six percent, but by written contract it may be enlarged to eight percent. So that in all transactions, when eight percent is not agreed on six percent shall be the rate for a "loan or forebearance of money, goods or things in action". It was therefore lawful to agree on eight percent as the interest rate. Eight percent does not include a penalty. There is no penalty prescribed by law for usury unless the rate exceeds eight percent. Section 65, Title 9, Code. The Act of 1939, supra, fixing eight percent as that on which a redemption right must be exercised is not in whole or in part a penalty. Therefore when the Code was adopted in which section 562, Title 37, made six percent applicable to sales theretofore made, it had the effect of reducing the compensation for the use of money from eight percent to six percent insofar as this transaction was concerned. Since to do so was not the reduction of a penalty charge but of a charge for the use of money, the rate fixed by law at the time of the foreclosure sale is effective.

Upon the basis of that discussion appellant would be entitled to eight percent as claimed in its cross bill. But a cross bill is not necessary to present this question.

■ We have repeatedly held that a cross bill will not be entertained to form an issue available by answer to the original bill. One of our latest cases is Hermione Lodge, No. 16, K. of P. v. Grand Lodge, K. of P., 248 Ala. 473, 28 So.2d 166, 168 A.L.R. 948, which makes reference to the line of authorities. The court therefore should not be put in error for sustaining the demurrer to the cross bill, though we do not agree with appellee's contention in respect to the controversy argued.

The decree of the trial court is therefore affirmed.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.