125 So.2d 520

**STATE of Alabama**

v.

**BIRMINGHAM BOLT COMPANY.**

**6 Div. 376.**

Supreme Court of Alabama.

Dec. 22, 1960.

MacDonald Gallion, Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellant.

Dan P. Barber, David J. Vann and White, Bradley, Arant, All & Rose, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

Appeal from the Circuit Court of Jefferson County, Alabama, sitting in Equity.

This cause originated as a final deficiency assessment of diesel fuel tax made by the State Department of Revenue against the appellee (appellant below) under the provisions of the Alabama Diesel Fuel Tax Act, which tax is levied under the provisions of Title 51, Section 665(1) et seq., Cumulative Pocket Part, Code of Alabama 1940. The assessment was made for the period beginning September 1, 1957 through February 28, 1958, and was in the total amount of $760.16, including tax, penalty and interest thereon to the date of the assessment. The assessment so made was in the nature of a deficiency assessment and was made against the appellee for his allegedly storing diesel fuel in a large bulk tank in this state and then withdrawing it from such storage and delivering it into the fuel supply tanks of its motor trucks for use on the highways of this state, as well as other states in which the trucks operated. The appellee paid tax on the fuel used to propel the trucks over the highways of this state but did not pay the tax on fuel used in trucks on the highways of other states. The appellant is here suing for the tax on the entire amount of fuel withdrawn from the large bulk tank and placed in its trucks, regardless of whether used to propel the trucks over the highways of this state or other states.

The appellee was licensed as a bulk purchaser of motor fuel, thus enabling it to purchase motor fuel tax free. During the period covered by this proceeding, the appellee used the forms prescribed by the Department of Revenue to report the taxes on the fuel oil used in its two trucks (Regulations G2 and G3). Regulation G3, adopted by the State Department of Revenue, in pertinent part, states:

"In order to determine as accurately as it is possible to do so the amount of motor fuels or gasoline used to propel a motor vehicle over the highways of this state and to confine the amount of such fuels so used to that used over the public roads and highways of Alabama. * * *. Where it is impossible to accurately gauge or measure said amount in gallons, the

following allowances and measurements shall be used:

"Transport Truck—3 and 4 axle—6 miles per gallon

"1½ Ton Truck—2 axle—10 miles per gallon

"Pick-Up or Service Truck—12 miles per gallon

"Passenger Cars—17 miles per gallon."

The appellee, being dissatisfied with the final assessment made by the State Department of Revenue, appealed said cause under the provisions of Title 51, Sec. 140, Code of Alabama 1940, to the Circuit Court of Jefferson County, in Equity. The circuit court entered its final decree in said cause setting aside the final assessment made by the State Department of Revenue against the appellee, and held that the appellee was not legally due to pay the deficiency diesel fuel tax made against it. It is from this final decree that the state prosecutes this appeal.

The evidence is without dispute that the appellee operated its two trucks in states other than Alabama. No question is raised as to the accuracy of appellee's tax returns. The only question to be decided is whether Title 51, Sec. 665(1) et seq., is a tax on the total number of gallons withdrawn from the bulk tank and placed in the fuel supply tanks of a truck in this state or a tax only on the number of gallons of fuel consumed on the highways of this state by a *user*.

Title 51, Sec. 665(3) (Act No. 694, Acts of Alabama 1953, p. 947), states in part:

"* * * provided that distributors of motor fuels as herein defined paying the tax as herein levied may pay the same as herein required on the basis of their sales and storers shall pay the tax computed on the basis of their withdrawals from storage and *users on the amount used or consumed, provided such sales, withdrawals, or use are for the purpose of operating motor vehicles over the highways of this state.*" (Emphasis supplied.)

The trial court was of the opinion that the appellee was a user of motor fuel. It is true that the appellee stored six thousand gallons of motor fuel on the premises of its place of business in Birmingham, Alabama, however, this alone does not make the appellee a storer under the statute. It would seem that in order to be a user, one would have to store a certain quantity of the product used. The appellee was not in the business of storing motor fuel, but stored only what it would use in its own business.

In almost every section of Article 5A, we find the words "on the highways of this state." From Title 51, Sec. 665(9) (Act No. 902, Acts of Alabama 1951, p. 1541), we quote the following:

"* * * it being the intent of this article that the said tax shall be imposed only where motor fuels as herein defined are used in the operation of motor vehicles on highways of this state. * * *"

Having considered the above-mentioned Code sections, we are of the opinion that there is little room left for judicial construction as to the meaning of these sections of our Code. The record supports the finding of the lower court in that the appellee was a user of motor fuel, and as such was obliged to compute its tax at the rate of 7¢ per gallon on the motor fuel used or consumed on the highways of this state.

To hold otherwise would be to construe provisions of an excise strictly against the taxpayer and liberally in favor of the taxing authority, which is the reverse of the rule. State v. Grayson Lumber Co., ante, p. 35, 122 So.2d 126, and cases therein cited.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.