267 So.2d 176

**STATE of Alabama**

v.

**COMMUNITY BLOOD AND PLASMA
SERVICE, INC.**

**6 Div. 146.**

Court of Civil Appeals of Alabama.

Sept. 27, 1972.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., B. Frank Loeb, Asst. Counsel, Dept. of Revenue, and Asst. Atty. Gen., for the State of Alabama.

Jack R. Thompson, Jr., and Sam R. Shannon, Jr., Birmingham, for appellee.

HOLMES, Judge.

The appellant, State of Alabama, entered a final assessment for Alabama sales tax covering the period February 1, 1970, through November 30, 1970, against the appellee.

From this final assessment appellee appealed, pursuant to the provisions of Tit. 51, § 140, Code of Alabama 1940, to the Circuit Court of Jefferson County.

The trial court, in its decree, held that appellee did not owe the sales tax charged to it in the final assessment. It is from this decree that this appeal is taken.

The uncontradicted testimony is that the appellee is a commercial blood bank incorporated in the State of Alabama and is engaged in a profit-making enterprise; that appellee obtains blood from a donor for a consideration ($5.00 to $15.00); that the whole blood or blood derivative so obtained is furnished to appellee's customers which consist mainly of hospitals. The hospitals which avail themselves of appellee's enterprise either make direct payment to appellee in money for the blood or return to appellee an equivalent value of blood or blood products.

The sole question presented to this court is whether furnishing whole blood or blood derivatives by appellee to hospitals and other customers for monetary consideration constitutes a sale of tangible personal property within the purview of Tit. 51, § 786(3), Code of Alabama 1940, or is the furnishing of a service without the purview of Tit. 51, § 786(3), of the Code.

The pertinent provision of Tit. 51, § 786(3), Code of Alabama 1940, provides in part that there shall be a tax against any business entity " . . . engaged . . . in business of selling at retail any tangible personal property whatsoever, including merchandise and commodities of every kind and character, . . ."

The matter before us, as far as we can determine, is a case of first impression. As noted earlier, the controlling question is whether or not the activities of appellee is a service or is a sale being subject to the sales tax.

There are numerous cases from other jurisdictions on the subject of breach of implied warranty in the sale of blood. The

leading case is Perlmutter v. Beth David Hospital, 308 N.Y. 100, 123 N.E.2d 792. In that case suit was brought against a hospital for breach of implied warranty in the sale of blood to a patient. The court said in pertinent part on the question of sale versus service as follows:

"Such a contract is clearly one for services, and, just as clearly, it is not divisible. Concepts of purchase and sale cannot separately be attached to the healing materials—such as medicines, drugs or, indeed, blood—supplied by the hospital for a price as part of the medical services it offers. That the property or title to certain items of medical material may be transferred, so to speak, from the hospital to the patient during the course of medical treatment does not serve to make each such transaction a sale. ' "Sale" and "transfer" are not synonymous', and not every transfer of personal property constitutes a sale. Halsted v. Globe Indemnity Co., 258 N. Y. 176, 179, 179 N.E. 376, 377. It has long been recognized that, when service predominates, and transfer of personal property is but an incidental feature of the transaction, the transaction is not deemed a sale. within the Sales Act. . . ." (123 N.E.2d at 794)

The *Perlmutter* case, *supra,* has been adhered to in other jurisdictions in which suit for breach of implied warranty in the sale of blood was brought against a hospital. See Sloneker v. St. Joseph's Hospital, 233 F.Supp. 105 (D.C.Colo.1964); Gile v. Kennewick Public Hospital District, 48 Wash.2d 774, 296 P.2d 662, 59 A.L.R.2d 761 (1956); Koenig v. Milwaukee Blood Center, Inc., 23 Wis.2d 324, 127 N.W.2d 50 (1964); Dibblee v. Dr. W. H. Grove's Latter Day Saints Hospital, 12 Utah 2d 241, 364 P.2d 1085 (1966). The above mentioned courts are unanimous in holding that a transfer of blood by a hospital to a patient is not a sale but a service. This rationale has been extended to the situation in which a plaintiff brings suit against the blood bank furnishing the blood to the hospital for which there is a separate charge, the courts holding that the service aspect of the transaction predominates. Whitehurst v. American National Red Cross, 1 Ariz.App. 326, 402 P.2d 584; Balkowitsch v. Minneapolis War Memorial Blood Bank, Inc. (1965), 270 Minn. 151, 132 N.W.2d 805.

However, in Russell v. Community Blood Bank, Inc., Fla.App., 185 So.2d 749, concurred in by the Florida Supreme Court on certiorari, Community Blood Bank, Inc. v. Russell, Fla., 196 So.2d 115, the court stated in pertinent part, as follows:

"It seems to us a distortion to take what is, at least arguably, a sale, twist it into the shape of a service, and then employ this transformed material in erecting the framework of a major policy decision. Florida has rejected the 'service' rule in the sale of food by a restaurant, Cliett v. Lauderdale Biltmore Corp., Fla.1949, 39 So.2d 476, and we apply the rationale of that case to reject the 'service' rule here, in a suit against the blood bank." (185 So.2d at 752)

See also Cunningham v. MacNeal Memorial Hospital, 113 Ill.App.2d 74, 251 N.E.2d 733, wherein the appellate court of Illinois held that even a hospital was engaged in the sale of blood.

As is seen from the above, there is conflict in authorities as to whether or not, when considering the question of implied warranty, the sale of blood is to be determined to be a service or a sale.

While the question of implied warranty is not before us, and we make no ruling regarding this aspect of the law, the above noted decisions are meaningful for if the activity in question is a sale the taxes levied pursuant to Tit. 51, § 786(3), Code of Alabama 1940, would be due. On the other hand, if such activity is determined to be a service, no such tax would be due.

We believe that the rationale of the Florida Supreme Court, in the *Russell* case, *supra,* is the better view on the ques-

-tion of service versus sale by a blood bank, and in the absence of any ruling of our supreme court or other appropriate Alabama authorities we would be disposed to follow the Florida court's reasoning and rationale in this instance.

■ However, the legislature of Alabama in 1971 passed Act No. 743 which has been codified in Tit. 7A, § 2–314(4), and reads as follows:

"Procuring, furnishing, donating, processing, distributing, or using human whole blood, plasma, blood products, blood derivatives, and other human tissues such as corneas, bones or organs for the purpose of injecting, transfusing, or transplanting any of them in the human body is declared for all purposes to be the rendition of a service by every person participating therein and whether any remuneration is paid therefor is declared not to be a sale of such whole blood, plasma, blood products, blood derivatives, or other human tissues."

■ The language of this statute is clear and unambiguous, and while it was obviously not intended to amend or specifically exempt items from the provisions of the sales tax, it is clearly a legislative expression that the activity of "procuring, furnishing, donating, processing, distributing, or using human whole blood, plasma, blood products, etc.", is to be a service by every person participating therein. It should also be borne in mind that we are not here concerned with whether or not the legislature of Alabama has by statute specifically exempted the activity from sales tax, but are rather concerned with coverage under a statute levying a tax. The rule is that such statute; i. e., the sales tax, is to be construed strictly against the taxing power and liberally in favor of the taxpayer. See State v. T. R. Miller Mill Company, 272 Ala. 135, 130 So.2d 185; State v. Birmingham Bolt Company, 271 Ala. 528, 125 So.2d 520; State v. Grayson Lumber Company, 271 Ala. 35, 122 So.2d 126; State v. Helburn Co., 269 Ala. 164,

111 So.2d 912; Al Means, Inc. v. City of Montgomery, 268 Ala. 31, 104 So.2d 816; State ex rel. Woodruff v. Centanne, 265 Ala. 35, 89 So.2d 570; State v. Reynolds Metals Company, 263 Ala. 657, 83 So.2d 709.

While this court is most aware that this code section is concerned with implied warranty, the fact remains that the legislature has stated and determined such activity to be a service and not a sale.

We particularly note the language of the statute which states "is declared for all purposes to be the rendition of a service . . ."

This court cannot hold that, while the legislature has declared the above-mentioned activity regarding the processing of blood to be a service for the purpose of implied warranty, it is not a service as relates to other purposes; i. e., sales tax.

■ A court in construing a statute, must, if possible, avoid such a construction as will place the statute in conflict with other statutes. State ex rel. Ward v. Martin, 160 Ala. 190, 48 So. 847. Statutory construction further requires that statutes should be resolved in favor of each other when possible so as to form one harmonious plan. Walker County v. White, 248 Ala. 53, 26 So.2d 253; Gulf States Steel Co. v. Justice, 204 Ala. 577, 87 So. 211.

■ This court is also mindful of State v. Grayson Lumber Co., supra, in which the late Chief Justice Livingston stated:

"[I]t has long been the rule in this state that in construing taxing statutes which are of doubtful application, the taxpayer will be afforded the benefit of any doubt, and such statutes should be construed in favor of the taxpayer and against the state, . . ."

If inequities result from the law, the remedy is not in interpretation but in amendment or repeal. It is the legislature's responsibility to rectify inequities in the tax laws.

Therefore, in view of the above-mentioned cases from without our jurisdiction and the above-mentioned code section of the Alabama Code, it is our opinion that the activity of appellee is a service and is not subject to the sales tax provisions of the Code of Alabama.

The above being dispositive of all assignments of error, the trial court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.