309 So.2d 471

**In re Ernest BELL**

**v.**

**MAR–MIL STEEL AND SUPPLY CO.**

**Ex parte MAR–MIL STEEL AND SUPPLY CO.**

**Civ. 496.**

Court of Civil Appeals of Alabama.

March 5, 1975.

Jack Livingston and Ronald A. Drummond, Scottsboro, for petitioner.

John M. Baker, Fort Payne, for Ernest Bell.

W. G. Hawkins, Circuit Judge, pro se.

HOLMES, Judge.

This dispute arises from a petition for writ of mandamus to compel respondent-judge to set aside an order requiring the petitioner to pay workmen's compensation benefits in a lump sum.

In June of 1972, the Circuit Court of DeKalb County, Alabama, entered a judgment for workmen's compensation benefits in favor of one Ernest Bell and against petitioner. No appeal was taken from this judgment and the judgment in pertinent part is as follows:

"IT IS THEREFORE, CONSIDERED, ORDERED AND DECREED by the Court and it is the judgment of the Court that compensation is hereby awarded to the Plaintiff in the amount of $50.00 per week for 97 weeks from the date of the injury up until and including the week ending on May 26, 1972 making a total liability accrued to this date as a result of this compensation the amount of $4,850.00 which amount shall be immediately due and payable provided that *these* Defendant shall be subject to credits of the amounts of $1,421.42 and $603.85 as noted in the above findings and conclusion and also to any additional credits for payments made or compensation accruing prior to May 26, 1972 and that the balance of said $4,850.00, after giving credit for the above credits be immediately due and payable. It is further provided that the Plaintiff have and recover of the Defendant a judgment for the above.

"IT IS FURTHER CONSIDERED, ORDERED AND DECREED that the Defendant pay the sum of $50.00 per week as temporary total disability benefits for a total of 139 additional weeks with the date beginning May 26, 1972 and that after the payment of the additional amount of 139 weeks of temporary total disability that the Defendant pay the sum of $38.03 for an additional 64 weeks which represents permanent partial disability benefits at the rate of 75 per cent permanent partial disability and after the payment of such sums for said additional 64 weeks thereby making a total of 300 weeks of disability paid that the Defendant be discharged from all further liability for disability benefits and further that the Plaintiff have and recover of the Defendant a judgment for this amount as well as that provided in the preceding paragraph.

"IT IS FURTHER CONSIDERED, ORDERED AND DECREED that the Defendant pay the additional medical bills owed to Dr. Black and to the Huntsville Hospital according to the respective bills set forth in the findings and conclusion above and that the De-

fendant pay any additional medical bills incurred as a result of said injury within two years from the date of said injury up to the total maximum liability of $10,000.00 medical expenses as provided by the Workmen's Compensation Law of Alabama. It is further provided that the Plaintiff have and recover of the Defendant a judgment for this additional amount of medical expenses.

"IT IS FURTHER CONSIDERED, ORDERED AND DECREED that the Defendant pay the cost of this cause for all of which let execution issue unless presently paid and for future weekly installments execution may issue unless paid when due.

"IT IS FURTHER CONSIDERED, ORDERED AND DECREED by the Court that the attorney fee of John M. Baker, Attorney for Plaintiff, be and it is hereby fixed at 15 per cent of the above judgment which has a total value of approximately $14,801.00 for a total fee of $2,220.15 and it appearing to the Court that Plaintiff has petitioned the Court to allow the attorney fee due his attorney out of the proceeds of the installments now due. IT IS FURTHER CONSIDERED, ORDERED AND DECREED that John M. Baker receive the sum of 15 per cent of the award or a total of $2,220.15 out of the amount now due and payable."

The payments as provided in the final decree have been made, and at the time this petition for mandamus was filed, weekly benefits for permanent partial disability remain to be paid.

In August of 1974, Ernest Bell, by petition, prayed that the Circuit Court of DeKalb County require the petitioner to pay the remaining benefits in a lump sum without commutation. Bell's petition was filed pursuant to Tit. 26, § 279(C), par. 9, Code of Ala. (1940).

Section 279(C), par. 9, Code of Ala. (1940), was approved by the Governor and became law on September 17, 1973, and reads as follows:

"In case of an injured employee whether permanent, partial, or however injured, or death of an employee, and only in such cases as are presented to the court by petition the circuit judge with competent jurisdiction may decide how the compensation shall be paid to the injured employee or his estate upon a final settlement or judgment whether by a trial or by agreement. *In cases pending in payment at the time this Act becomes law [September 17, 1973] the injured employee or his estate may petition a court of competent jurisdiction and the court may order the employer to pay the amount due the employee or his estate within thirty (30) days from the date of said order if the court determines that moneys due the employee or his estate shall be paid in a lump sum. The payments shall not be commuted."* (Emphasis added)

To the petition of Ernest Bell, the petitioner here filed appropriate pleadings questioning the authority of the circuit court to grant the relief requested by Bell.

Thereafter, in November of 1974, the learned respondent-judge entered an order requiring the petitioner to pay the remaining workmen's compensation benefits due Bell in a lump sum without commutation. Hence, this mandamus proceeding.

This court, in December of 1974, issued the alternate writ and now issues the peremptory writ.

This court is of the opinion that the legislature did not intend by the passage of Tit. 26, § 279(C), par. 9, Code of Ala. (1940), to allow a judgment being complied with, which had become final two years prior, to be altered.

 In construing a statute a court must, if possible, avoid such construction as would place a statute in conflict with other statutes. State ex rel. Ward v. Martin, 160 Ala. 190, 48 So. 847; State v.

Community Blood and Plasma Service, Inc., 48 Ala.App. 658, 267 So.2d 176. Additionally, statutory construction further requires that statutes should be resolved in favor of each other when possible so as to form one harmonious plan. Walker County v. White, 248 Ala. 53, 26 So.2d 253; Gulf States Steel Co. v. Justice, 204 Ala. 577, 87 So. 211; State v. Community Blood and Plasma Service, Inc., *supra.*

There are numerous statutes recognizing the need for finality of judgments. See Tit. 13, § 119, Code of Ala. (1940); the appeal statute governing workmen's compensation cases, Tit. 26, § 297, Code of Ala. (1940), states that an appeal must be taken within thirty days. Additionally, our Rules of Civil Procedure recognizes the need for finality of judgments. See Rules 59 and 60, Alabama Rules of Civil Procedure.

We particularly note that in our workmen's compensation statute, Tit. 26, § 297, of the Code, the following is found:

"The decision of the judge hearing the same shall be conclusive and binding between the parties, subject to the right of appeal in this article provided for."

The above is quoted in Davis v. Birmingham Trussville Iron Co., 223 Ala. 259, 135 So. 455, wherein our supreme court stated that in an adversary proceeding in a workmen's compensation case the conclusions of the trial judge and judgment entered in accordance therewith are conclusive between the parties. The above principle was also recognized by our supreme court in Ford v. Crystal Laundry Co., 238 Ala. 187, 189 So. 730; and Ala. By-Products Co. v. Landgraff, 248 Ala. 253, 27 So.2d 215. See also 101 C.J.S. Workmen's Compensation § 851 h.

█ In this instance we do not believe that the legislature intended the phrase, "In cases pending in payment", to mean that a judgment final for two years, as in this instance, may be altered where there has been no apparent change of parties or conditions.

We additionally note that a "case" is generally a contested question before a court of justice, a suit or action, a cause. It is defined by Webster to be a state of facts involving a question for discussion or decision, especially a cause or a suit in court. Smith v. City of Waterbury, 54 Conn. 174, 7 A. 17; Southwick v. Southwick, 49 N.Y. 510; Ex parte Towles, 48 Tex. 413; Slaven v. Wheeler, 58 Tex. 23; Home Ins. Co. v. North Western Packet Co., 32 Iowa 223, 7 Am.Rep. 183. It would therefore appear that the legislature did not intend for the phrase, "cases pending in payment", to include a final judgment such as we have in this instance.

█ As our supreme court, in First National Bank of Birmingham v. Jaffe, 239 Ala. 567, 196 So. 103, held, a statute which gives a new legal effect to conduct or conditions occurring or existing prior to its enactment is odious to the law, even though it may not offend the constitution, and a statute will not be so construed unless it is plainly intended by the legislature by the use of its language and attendant circumstances. We cannot here say it is so "plainly intended . . ."

We further note the following as pertinent in an appellate court's attempt to construe a statute.

█ Statutes are to be considered prospective unless the language is such to show that they were intended to be retrospective. Mobile Housing Board v. Cross, 285 Ala. 94, 229 So.2d 485, and, generally, statutes look to the future and not to past transactions, unless otherwise expressed. City of Mobile v. Merchants National Bank of Mobile, 251 Ala. 254, 37 So.2d 104.

In view of the above, we hold that Tit. 26, § 279(C), par. 9, Code of Ala. (1940), does not, in this instance, allow the circuit court to alter the original judgment.

█ Able counsel for respondent-judge contends that mandamus is not the appropriate remedy. We do not agree.

As petitioner points out in brief, there is authority for mandamus being an appropriate remedy in a workmen's compensation action. See Burger-Phillips Co. v. Phillips, 234 Ala. 563, 176 So. 181.

As seen from the above, the statute as enacted was not intended in this instance to apply. Mandamus is a proper remedy to vacate an order which the trial court had no power to enter. Ex Parte Sharp, 259 Ala. 652, 68 So.2d 545.

The petition for writ of mandamus is granted and a writ of mandamus will issue, directed to Honorable W. G. Hawkins, Judge of the Circuit Court of DeKalb County, Alabama, unless he shall set aside his order of November 11, 1974.

Writ of mandamus awarded conditionally.

WRIGHT, P. J., and BRADLEY, J., concur.