SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION — ORIGINAL FILING FOR COSTS — INDEPENDENT PROCEEDINGS FOR CHILD SUPPORT
Mr. Allen L. Tapley, Administrative Director of Courts, has asked me, pursuant to § 12-2-19(d), Code 1975, whether a fee should be charged whenever an independent proceeding is filed for an order of continuing garnishment for child support under § 6-6-492, 1981 Cumulative Supplement, Code of Alabama (Acts 1981, No. 81-697).
My answer to the question is in the affirmative. Rule 7, Alabama Rules of Judicial Administration, reads as follows: “FEES FOR MISCELLANEOUS FILINGS
Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
Section 6-6-492, 1981 Cumulative Supplement, Code of Alabama, reads as follows:
Filing of Petition for order of continuing garnishment; form, contents and service of petition; time period for responding to pleadings, motions, etc.
(a) In addition to the foregoing method for instituting a continuing wage garnishment proceeding for child support through motion, the mother, father, or guardian, or if the child is a public charge, the department of pensions and security may, in an independent proceeding, petition the court for an order of continuing wage garnishment.
(b) The petition shall be verified and shall state that the responsible parent is under court order, that said parent is delinquent in such child support, the name and address of the alleged employer-garnishee of the responsible parent, the responsible parent’s weekly disposable earnings from said employer, which may be based on information and belief, and the amount sought to be garnished, not to exceed 40 percent of the responsible parent’s weekly disposable earnings.
*946 (c) The petition shall be served on both the responsible parent and his alleged employer in accordance with the provisions for service of process set forth in Rule 4 of the Alabama Rules of Civil Procedure.
(d) The time period for answering or otherwise responding to process issued pursuant to this section shall be in accordance with the time periods set forth in the Alabama Rules of Civil Procedure.
Section 6-6-493, 1981 Cumulative Supplement, Code of Alabama, reads:
Entry of order of garnishment by court; contents and service of order; review of order.
(a) Following the hearing held pursuant to this section, the court may enter an order of garnishment, not to exceed 40 percent of the responsible parent’s weekly disposable earnings.
(b) If an order of garnishment is entered, a copy of same shall be served on the responsible parent and the garnishee either personally or by certified or registered mail, return receipt requested.
(c) The order shall set forth sufficient findings of fact to support the action by the court and the amount to be garnished for each pay period.
(d) The order shall be subject to review for modification and dissolution upon the filing of a motion in the cause.
Mr. Tapley summarized his question as follows:
“In light of the fact that a garnishment proceeding initiated for child support obligations upon a verified petition is more analogous to a regular, civil proceeding in that it must be initiated upon the filing of a petition, may require a court hearing under certain circumstances, must be governed by the Alabama Rules of Civil Procedure and must require a court order on the issue of the amount, if any, to be garnished, should these proceedings be considered a filing for which no express fee is prescribed and for which an original filing fee should be charged pursuant to Rule 7, Alabama Rules of Judicial Administration?”
An original filing for cost purposes within the meaning of Rule 7 is the filing of a case. Opinion of Clerk, No. 1, 1977, Ala., 345 So.2d 1329; No. 3, 1977, Ala., 345 So.2d 1338, and No. 37, 1981, Ala., 403 So.2d 891. A case, within the meaning of Rule 7, is a suit or action in court. See Bell v. Mar-Mil Steel and Supply Co., Civ.App., 309 So.2d 471, 474, 54 Ala.App. 432; Webster’s Third New International Dictionary.
It appears that the filing of a petition, which initiates an independent proceeding, as heretofore described, commences a new suit and should be considered as the filing of a case.