# The State, *ex rel.*, Etc. *v.* Styles, Judge, Etc.

## *Application for Mandamus.*

1. *Special acts; when not repealed by other acts.*—On the 11th day of February, 1881, an act of the legislature was approved prohibiting the sale, etc., of spirituous liquors within a certain territory; on the 7th day of March, 1893, another Act of the same character was passed and approved; on the 6th day of February, 1899, Ensley City was incorporated under the general laws of the State for incorporating towns, by which it is provided that the municipalities thus incorpor-

[The State, *ex rel*, Etc., v. Styles, Judge, Etc.]

ated shall have power to license, etc., the retailing of spirit-uous liquors; on the 16th day of February, 1889, an Act was passed and approved prohibiting the sale, etc., of spirituous liquors in certain counties except "incorporated towns and cities having police regulations both day and night." On the 14th of March, 1899, a petitioner applied to the probate judge for license to retail spirituous liquors in Ensley City, but within the territory covered by the first two mentioned special acts. *Held*, that the special Acts were not repealed by the incorporation of Ensley City, or by the Act of the 16th of February, 1889.

2. *Local law prohibiting retailing, not repealed by general law permitting selling by wholesale.*—A law permitting the own-ers of distilleries to sell at wholesale the liquors distilled by them, has no effect on a local law prohibiting retailing, although both laws apply to the same territory.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

W. H. Cummings applied to the probate judge of Jef-ferson county for retail license and was refused. This proceeding is an application by him for mandamus to said judge to compel him to issue the license. The other facts appear in the opinion.

GREGG & THORNTON and CHAS. P. POWELL, for appel-lant, contended that the special prohibition statutes were repealed, citing the following authorities: 23 Am. & Eng. Ency. 437; *Brown v. Maryland*, 12 Wheat, 438; *Ogburne v. Ogbure's Admr.*, 60 Ala. 616; *Holt v. Mayor, Aldermen, Etc.*, 111 Ala. 369; *Maxwell v. State*, 89 Ala.; *Haywood v. Gunn*, 82 Ill. 385; *Olmstead v. Crook*, 89 Ala. 228; *Enloe v. Reike et al.*, 56 Ala. 500; *Watson v. State*, 55 Ala. 158; *Bragg v. Clark*, 50 Ala. 353.

(1). F. E. BLACKBURN, *contra*.—A general appealing clause does not operate to repeal an existing statute re-lating to the same subject matter not in conflict with the provisions of the act.—*Roberts v. Pippin*, 75 Ala. 103; *Herr v. Seymour*, 76 Ala. 270; *Parker v. Hubbard*, 64 Ala. 203; *Chicago Ry. v. U. S.*, 127 U. S. 406; *People v. Durick*, 20 Cal. 93. (2). Municipal ordinance will not prevail if inconsistent with the laws of the State.—*City*

[The State, *ex rel*, Etc., v, Styles, Judge, Etc.]

*of Canton v. Nist*, 9 Ohio St. 439; *Intendent v. Chandler*, 6 Ala. 901. (3). The legislature cannot delegate to a municipal corporation power to repeal an existing statute.—Constitution, Art. 1, Sec. 22; *Railroad Co. v. Comm'rs*, 1 Ohio St. 77; *Santo v. State*, 2 Ia. 165. (4). A sub-division of territory does not operate a repeal of the statute.—*Prestwood v. State*, 88 Ala. 235; *Ashurst v. State*, 79 Ala. 276; *Long v. State*, 103 Ala. 55.

HARALSON, J.—By act approved February 11th, 1881 (Acts 1880-81, p. 397), the sale, giving away or otherwise disposing of any spirituous, vinous, or malt liquors, or intoxicating bitters, etc., was prohibited under penalty within three miles of Pratt Mines school house in Jefferson county.

On March 7, 1873 (Acts 1872-3, p. 173), a similar act was passed prohibiting such sales within two miles of any coaling grounds in the county of Jefferson and other named counties.

On the 6th February, 1899, Ensley City was incorporated under the general laws of the State for incorporating towns of not less than 100 nor more than 3000 inhabitants. Code § §2937-2967. Among the enumeration of the powers of municipalities thus incorporated, appears the power, "To license, tax, regulate and restrain * * * the retailing of spirituous, vinous and malt liquors within the corporate limits." That part of Ensley City within which the petitioner in this case proposed to obtain a license to sell and retail spirituous, vinous or malt liquors, it was admitted is within three miles of the Pratt Mines school house as located on the 11th February, 1881, and within two miles of slopes No. 3 and 6 of the property of the Tennessee Coal, Iron & Railway Company, where coal is, and was being mined at the time of filing said petition.

On the 16th February, 1889, an act was approved, the first section of which provided, "That after the 31st day of December, 1889, it shall be unlawful for any person to sell, give away, or otherwise dispose of, any spirituous, vinous or malt liquors, intoxicating bitters or cordials, or fruits preserved in alcoholic liquors in Jefferson, Walker, Talladega, Autauga and Fayette counties,

except incorporated towns and cities having police regulations both day and night."

The first section of the act was afterwards, on the 8th December, 1892, amended by adding a proviso, "That it shall be lawful for the distiller or owner of any lawfully registered distillery to sell any kind of spirituous or malt liquors made or distilled by them, at wholesale at the place of such distillery, in precinct (37) thirty-seven, in the county of Jefferson, *provided further,* that the said owner or distiller shall first obtain such license as is required of wholesale dealers under the laws of the State of Alabama." (Acts 1892-3, p. 15.)

The petitioner proposed to show in evidence that a considerable. portion of precinct 37 of Jefferson county was within the radius of three miles of Pratt Mines school house, which evidence, against the objection of respondent that it was illegal, immaterial and incompetent, not shedding any light or having any bearing on the question at issue, was admitted. We fail to discover what bearing that matter had upon the trial of the petition. The evidence related alone to the sale of whiskey by wholesale, under the conditions specified, and not to other spirituous, or vinous or malt liquors, and even if it were admitted, which is not done, that in this respect, the later act repealed said prohibitory acts of 1873 and 1881, as to the wholesale of whiskey under license, at the distillery, when distilled within said prohibited district, it would not follow and cannot be allowed that it repealed those acts as to the retailing or giving away of the other liquors named in those statutes within said prohibited territory. The prohibitive force and operation of the enactments as to all else, except the sale of whiskey under the conditions specified, would, even if repealed as to the sale of such whiskey, stand unaffected by the later enactment. The contention of the petitioner that said amendatory act of 1892-3, under any possible construction, repealed said acts of 1873 and 1881 in their entirety, may, therefore, be allowed to pass from further consideration.

The only remaining question is, whether the said acts of 1873 and 1881 have been repealed by the charter of Ensley City or by the said act of 16th February, 1889,

prohibiting the sale of liquors within that territory, "except (in) incorporated towns and cities having police regulations both day and night," it having been admitted that Ensley City had such police regulations. Both these questions we think were practically settled in the case of *Love v. Porter*, 93 Ala. 384. These prohibitory laws, if not repealed by some subsequent act of the legislature, were in existence as laws, at the date of the incorporation of Ensley City. Its incorporation under general statutes for the purpose, was subject to the existing laws of the State. The first sub-division of section 2950 of the Code in respect to the powers of such corporate authorities is, "The corporate authorities of the town have the following powers, To pass such by-laws and ordinances as may be necessary to enforce the powers in this article to them granted, and for their own government, not contrary to law." When, therefore, in the 3rd subdivision of powers of such incorporated towns found enumerated under said section 2950, it is provided, that the corporate authorities may license, tax and regulate, among other things, the retailing of spirituous, vinous and malt liquors within the corporate limits, it was not intended that the corporate authorities might by ordinance adopted repeal special enactments of the legislature on the same subject. "The only power that could repeal or suspend the law, was the one by which it was enacted—the General Assembly, in which alone is vested the constitutional authority to make and unmake laws." *Prestwood v. The State*, 88 Ala. 235 Moreover, the only ground upon which a repeal can be rested is by implication, not favored in law, and which does not arise in this instance. There is a field of operation for both the special law and the exercise of municipal authority found in the construction which confines the exercise of the latter power to such time as the legislature may remove the inhibition of the liquor traffic in the prohibited districts, found embodied in said acts of 1873 and 1881. *Love v. Porter, supra.*

The effect which said act of 1889 in forbidding the liquor traffic in Jefferson and other counties, "except in incorporated towns and cities having police regulations both day and night," had upon the said act of 1881, was considered by this court in the case last above cited, and

was held not to be a repeal of said former enactment. We need not repeat here what was so fully and satisfactorily said in that case. As to the result of the investigation then had, it was there announced,—"Our conclusion is, that the act of Feb'y 11, 1881, is in full force over all that territory lying within three mlies of the site where the Pratt Mines school house stood at the date of its passage." The reasons for upholding that enactment prevail to preserve also, the said act of 1873.

Affirmed.