(121 So. 532)

## JACKS v. JEFFERSON COUNTY BOARD OF HEALTH. (6 Div. 212.)

Supreme Court of Alabama. April 4, 1929.

Hugh A. Locke and Erle Pettus, both of Birmingham, for appellant.

James H. Willis, Horace C. Wilkinson, and Hollis O. Black, all of Birmingham, for appellee.

SAYRE, J. June 4, 1928, appellant filed his petition for the writ of mandamus to compel the Jefferson county board of health forthwith to inspect petitioner's dairy and issue to him a permit to continue his dairying business which on that day had been stopped by a prohibitory interdict issued by the board. By appellant's petition it appeared that he had been doing business without a permit since July 1, 1927; that he had applied for a permit after that date, which had been arbitrarily refused. July 20, 1928, appellant amended his petition alleging that since its filing he had procured a purchaser for his dairy; that said purchaser had applied for a permit which was denied with the statement by the board of health that no inspection would be made of his place of

business nor any permit issued until "this case" had been finally determined on appeal by the Supreme Court. July 27, 1928, defendant board of health moved the court to dismiss this petition, and that motion was granted on that date upon the ground, as we understand, that the period of time for which the appellant sought a permit had then expired and that the case was moot. It appears that the license year runs from June 30th to June 30th.

█ It would have been, on the date of the court's final order, viz. July 27, 1928, and would now be, obviously vain and useless, to issue a writ commanding that appellant be given a permit to carry on his business from June 30, 1927, to June 30, 1928. Nor does the amendment of July 20th mend matters, for that amendment sought relief different from that sought in the original petition, viz. a permit for business during a different period, and, in fact, for the benefit of a different person, viz. the alleged purchaser of petitioner's business. Courts will not undertake to adjudicate moot cases nor cases to arise in the future. "It is well settled that a court will never entertain a suit to give a construction or declare the rights of parties upon a state of facts which has not yet arisen, nor upon a matter which is future, contingent and uncertain." 1 Corpus Juris, p. 973, § 68, note.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.