89 So.2d 570

**STATE ex rel. James E. WOODRUFF**

v.

**Bernice H. CENTANNE, Clerk, City of Prichard.**

**I Div. 664.**

Supreme Court of Alabama.

Sept. 6, 1956.

Vernol R. Jansen, Mobile, for appellee.

Collins, Galloway & Murphy, Mobile, for appellant.

## PER CURIAM.

This is an appeal by petitioner (appellant) from a judgment denying him a mandamus to the clerk of the city of Prichard, Mobile County, for the issuance of a city license to sell package beer to be drunk off his premises.

The answer of the clerk to the petition invoked an ordinance of the city, which provides for a license charge of $250 for "Beer Parlors, Beer Package Stores, or other places where beer or other malt beverages are sold or offered for sale". But the ordinance also provides that "no license shall be issued to any establishment which is nearer than five hundred (500) feet by the route usually traveled from any church or schoolhouse." (There are other restrictions not here involved.) The answer alleges "that the place of business operated by petitioner is less than five hundred (500) feet from a school, the facts being that the

school yard is directly across the street from petitioner's place of business and is frequented by small children who purchase candy, soda water, cakes and other small purchases, that petitioner's place of business is regularly visited at recess and lunch hour by the pupils of the school". Other details are stated which are immaterial to the issue made.

Appellant contends (1) that the ordinance violated section 89 of the Constitution of Alabama, in that it is inconsistent with the general laws of the State; (2) that his place of business is more than five hundred feet from the schoolhouse in question, though within five hundred feet from the school grounds connected with the schoolhouse.

The record shows that the trial "court announced that the petition for the writ was denied for that the petitioner's business was located nearer than five hundred feet to the school". The court also announced other rulings which are not involved on this appeal; and rendered a final judgment denying the petition,—from which petitioner appealed to this Court.

The matters controverted on appeal are that the ordinance is void under section 89 of the Constitution or, if not, that petitioner's place of business is not within five hundred feet of a "schoolhouse".

It is well settled that the fact that an ordinance enlarges upon the provisions of a statute by requiring more restrictions than contained in the statute creates no "conflict," unless the statute limits the requirements for all cases to its own prescriptions. Smith v. Town of Notasulga, 257 Ala. 382(2), 59 So.2d 674; City of Birmingham v. West, 236 Ala. 434, 183 So. 421; Mitchell v. City of Birmingham, 222 Ala. 389, 133 So. 13.

The provisions of the ordinance here in question, to which we have referred, do no more than add restrictions to the statutory provisions in that respect. The statute does not prescribe restrictions

to be exclusive of all others. Therefore, the first contention of appellant cannot be sustained.

But the meaning of "schoolhouse" as used in the ordinance needs further consideration. The evidence was without conflict that petitioner operated a grocery store at a location zoned for business, at a street corner, in the city of Prichard, which was located more than five hundred and eighty feet from a school building although the school grounds were separated from the property occupied by petitioner's store by only a sidewalk; and that on March 31, 1955 petitioner secured a license from the Alcoholic Beverage Control Board for the sale of package malt beverages for off premises consumption. Other formal matters and ordinance requirements are shown to have been complied with. As to them no question is here presented.

The real controversy argued by petitioner, who is the appellant, is that the trial court erred in holding that "schoolhouse" as used in the ordinance, includes the "school grounds." We suppose this has reference to the play grounds connected with the school, as well as such other ground as is necessary for ingress and egress to the building itself. The evidence does not give any detail as to the size and uses of the "school ground" involved. The burden being on appellant, we will presume that the "school ground" means the area around the school building or in close proximity to it for use by the pupils for play and other forms of recreation such as is customary.

It is clear from the authorities that there has been no uniformity in the terms of ordinances of a somewhat similar import or as to their meaning. The cases are analyzed in 48 C.J., Intoxicating Liquors, § 136, pp. 245 and 246, and in 96 A.L.R. 778, et seq. State ex rel. First Presbyterian Church of Miami v. Fuller, 136 Fla. 788, 187 So. 148. Sometimes the terms "church" and "school" seem clearly to refer

**38**

to the building and sometimes the ordinance or law itself makes the meaning clear in that respect. Our cases do not seem to be controlling on the question here controverted. State ex rel. Cummings v. Styles, 121 Ala. 363, 25 So. 1015; Love v. Porter, 93 Ala. 384, 9 So. 585; Olmstead v. Crook, 89 Ala. 228, 7 So. 776; Carlisle v. State, 91 Ala. 1, 8 So. 386; Dorman v. State, 34 Ala. 216.

■ We recall the rule that tax levies are to be construed liberally in favor of the taxpayer and strictly against the levying power, 18 Ala.Dig., Statutes, ⊜245, p. 234. This applies to municipal corporations. Alabama Ice & Utilities Co. v. City of Montgomery, 252 Ala. 131, 40 So. 2d 198.

■ If the "schoolhouse" sometimes includes the play ground surrounding the school building, it may serve to make the term here used ambiguous. If it is ambiguous, the ambiguity should be resolved in favor of the taxpayer unless the circumstances and inherent nature of the restrictions overcome that theory.

The city offered evidence that although they had no other ordinance with respect to the sale of packaged beer, they made it a rule not to permit its sale in grocery stores because they often carried it in refrigeration and it was drunk in automobiles near the premises, and often such stores kept open later at night and on week-ends and thus competed with stores which did not sell beer. The trial court disallowed this evidence and properly so, but it suggests an argument to the effect that the main purpose in declining to issue such a license was to prevent a condition which had no relation to the school—drinking beer in automobiles near the school building late at night and on holidays when, as we know, school children were not involved—but it was rather intended to repress that method of competitive business.

■ We can only say that a "schoolhouse" refers in terms to a building such as Webster defines as " 'a building which is appropriated for the use of a school or schools' ". Alexander v. Phillips, 31 Ariz. 503, 254 P. 1056, 1058, 52 A.L.R. 244. "School" may include the surrounding area used in connection with it if such appears to be the intent. License ordinances should use language sufficient to express their intent. The city authorities drafted and adopted the ordinance. If it has a clear meaning that must be the effect given it. But if the language is ambiguous it should be resolved against the city if that is a reasonable interpretation under the circumstances.

■ It is our view that the license was improperly refused petitioner on the ground that his place of business was less than five hundred feet from a schoolhouse.

We are not informed whether there is a provision in a city ordinance for the term of such a license (see, section 735 and 753, Title 37, Code), that is whether it is a calendar year. No point is here made (if it is true) that the term for which the license was sought has expired and, therefore, that the controversy has become moot. Jacks v. Jefferson County Board of Health, 219 Ala. 156, 121 So. 532. We refrain from discussing the effect of any such status, but it is noticed.

The judgment of the trial court should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

SIMPSON, GOODWYN, MERRILL and SPANN, JJ., concur.