275 So.2d 687

**STATE of Alabama**

**v.**

**GM&O LAND COMPANY, a corporation.**

**Civ. 27.**

Court of Civil Appeals of Alabama.

Jan. 31, 1973.

Rehearing Denied Feb. 21, 1973.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue, and Asst. Atty. Gen., Philip C. Davis, Asst. Counsel, Dept. of Revenue, and Asst. Atty. Gen., for appellant.

Steiner, Crum & Baker and M. R. Nachman, Jr., Montgomery, for appellee.

HOLMES, Judge.

The appellant, State of Alabama, entered a final assessment for the lease tax levied by Tit. 51, § 629(21)–(28), Code of Alabama 1940.

From this final assessment, appellee appealed pursuant to the provisions of Tit. 51, § 140, Code of Alabama 1940, to the Circuit Court of Montgomery County.

The trial court, in its decree, determined that appellee did not owe the lease tax charged to it in the final assessment. It is from this decree that this appeal is taken.

There was no oral testimony taken before the trial court, the case being submitted to the trial judge on the affidavit of a vice president of appellee corporation, certain records of the State Department of Revenue, and the lease agreement between appellee-taxpayer and its parent company.

The evidence reveals the following: The appellee is a corporation, incorporated un-

der the laws of the State of Mississippi and has its principal place of business in Mobile, Alabama. Appellee is a wholly owned subsidiary of the GM&O Railroad Company.

In December of 1966, the appellee, by written agreement, leased to its parent company, GM&O Railroad Company, an IBM computer system. The transaction was initiated at the request of the parent company and apparently was done for financial and taxation reasons having no relation to Alabama taxation statutes.

By the terms of the lease, appellee was to be paid a monthly rental of $7,330.11. The initial term of the lease was eight years. The lease agreement reveals that the original order for the computer was placed by the parent company and assigned to appellee.

The uncontradicted testimony (by affidavit dated June 29, 1972) of a vice president of appellee is that the above-mentioned lease of the computer by appellee to its parent company and upon which the State of Alabama assessed the lease tax was and is a single, isolated transaction and the only occasion in the entire corporate history of appellee wherein it has leased any tangible personal property of any sort to any person, firm or corporation.

As noted earlier, the State Department of Revenue made an assessment of the lease tax on the aforementioned transaction between appellee and its parent company.

The levying section of the lease tax law, § 629(22) of Tit. 51, Code of Alabama 1940, provides in pertinent part as follows:

"In addition to all other taxes now imposed by law, there is hereby levied and shall be collected as herein provided a privilege or license tax *on each person engaging or continuing within this state in the business of leasing or renting tangible personal property* at the rate of 4% of the gross proceeds derived by the lessor from the lease or rental of tangible personal property; . . ." [Emphasis added]

The trial court, in its decree, in part held that the appellee was not engaged in the business of leasing or renting tangible property and, therefore, was not subject to the tax in question.

The appellant, by appropriate assignments of error, contends the trial court erred in that appellee is in this instance subject to the lease tax.

It is the established rule in this state that in determining coverage under a statute levying a tax, as is the situation here, that such statute is to be construed strictly against the taxing power and liberally in favor of the taxpayer. See: State v. T. R. Miller Mill Company, 272 Ala. 135, 130 So.2d 185; State v. Birmingham Bolt Company, 271 Ala. 528, 125 So.2d 520; State v. Grayson Lumber Company, 271 Ala. 35, 122 So.2d 126; State v. Helburn Co., 269 Ala. 164, 111 So.2d 912; Al Means, Inc. v. City of Montgomery, 268 Ala. 31, 104 So.2d 816; State ex rel. Woodruff v. Centanne, 265 Ala. 35, 89 So. 2d 570; State v. Reynolds Metals Company, 263 Ala. 657, 83 So.2d 709; Hamm v. Continental Gin Company, 276 Ala. 611, 165 So.2d 392.

The trial court in its decree, and appellee in brief on this appeal, rely upon State v. Bay Towing and Dredging Co., 265 Ala. 282, 90 So.2d 743, for the proposition that the lease entered into by the parent company and the appellee was a single, isolated leasing transaction and, therefore, not subject to taxation since the lease tax is assessed only against one engaging in the business of leasing or renting tangible personal property.

In the *Bay Towing* case, *supra,* a company engaged in the business of hauling freight by barge, sold several of its used barges which had been originally purchased from an out of state firm. The State of Alabama attempted to place a use tax thereon. The Alabama Supreme Court

**710**

held that no sales tax would be due because the transactions were "casual" or "isolated" sales made by a company not engaged in that business; i. e., selling barges, and therefore, under the facts of the case no use tax was due.

As the Albama Court of Appeals, in Jones v. State, 25 Ala.App. 410, 411, 149 So. 855, 857, said in a case wherein a party was charged with engaging in a particular business endeavor without proper license:

"... 'engage in business' ... means that employment which occupies the time, attention, and labor of the person so engaged in business. That which a man occasionally engages in, as opportunity offers, or inclination prompts, is, for the time being his business; yet the law uses that term to indidate a regular and legal employment, *not one that is occasional, irregular,* or illegal. ..." [Emphasis added]

In a similar case involving an indictment for engaging in business without a license, the Alabama Supreme Court said, "the doing a single act pertaining to a particular business will not be considered engaging in, or carrying on the business, yet a series of such acts would be so considered. Weil et al. v. State, 52 Ala. 19.

Therefore, to this court, in the absence of a statute specifically providing otherwise, the term "engaging in the business of leasing or renting tangible personal property" as used in Tit. 51, § 629(22), Code of Alabama 1940, implies a continuous and regular course of dealing, rather than an irregular or isolated transaction.

Here, the testimony clearly reveals that the lease in question was the only lease of tangible personal property ever entered into by appellee-taxpayer; without other evidence, this does not make appellee, in this instance, one who engages in the business of leasing or renting tangible personal property and subject to tax in question.

Having reached the conclusion that the trial court was not in error in its finding that the statute in question does not apply to this appellee, it is not necessary for us to discuss the other assignments of error.

The case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.

## ON REHEARING

In its application for rehearing appellant urges this court to limit its holding to the factual circumstances of the case before the court.

The court, in its original opinion, did not intend nor did it hold that a business entity which enters into a single lease could not be held liable for the lease tax if said business entity was "engaging in the business." Our conclusion in this case that appellee was not one "engaged in the business" was, of course, based upon the facts presented in the matter.

Opinion extended. Application for rehearing overruled.