BLOODWORTH, Justice.
These appeals are from orders of the Circuit Court of Mobile County denying petitions for writs of peremptory mandamus seeking to order the Town of Wilmer to issue licenses to sell beer in off-premises establishments. We affirm.
Appellant Davis is doing business as “Melba’s Cafe” and appellant Ikner is doing business as “Azalea Grocery and Recreation Center.” They are both located within the police jurisdiction of Wilmer in Mobile County. Both appellants were issued licenses by the Alabama ABC Board for the sale of malt or brewed beverages for off- *700 premises consumption from their respective places of business. Appellants then filed with Wilmer an application for licenses from Wilmer. The licenses were not issued because appellants’ establishments were each within a quarter-mile of a church. Wilmer Town Ordinance 10-A provides in pertinent part, “The Town Council shall not grant a license to sell alcoholic beverages where the said beverages are to be sold at a location within one quarter (Vi) mile of a church, school, or other premises licensed to sell alcoholic beverages.”
Appellants have stipulated their establishments are within one-quarter mile of “a church or a congregation building for a church” so there is no contention as to how or in what fashion the distance is to be measured.
Appellants’ first contention is that the word “church” is too vague and indefinite and therefore renders the paragraph void. We cannot agree in view of the stipulation into which appellants entered. Moreover, the record shows the trial judge specifically asked appellants if they “agree” their locations are “within a quarter mile of a church?” Appellants’ counsel answered “Right” and the Court continued, “That is not an issue in the case then?” And, counsel answered in the affirmative.
Appellants also contend that the ordinance is void because it does not bear a reasonable relationship to the health, safety and public welfare of the community. The twenty-first amendment to the federal Constitution granted the states very broad powers over alcoholic beverages. The regulation of sales of alcohol has long been upheld as being reasonably related to health and public welfare and thus we consider that such regulation in this case is valid. Lawrence v. Gayle, 294 Ala. 91, 312 So.2d 385 (1975).
In USA Oil Corporation v. City of Lipscomb, 293 Ala. 103, 300 So.2d 362 (1974), applicant obtained an ABC Board license authorizing it to sell beer at its place of business for off-premises consumption. The city refused to issue a license. This Court held that the city had authority to adopt an ordinance prohibiting the sale of beer within a three-block distance from a school or church building and since the store was within three blocks the permit was properly denied by the city. We held “we are of opinion that a municipality has authority to adopt an ordinance prohibiting the sale of beer within a reasonable distance from a school or church building.”
The specification of a quarter-mile distance in the ordinance is challenged as being • unreasonable but no evidence was offered on this issue. Moreover, our courts have held much longer distances as being valid and reasonable.
“See, e. g., USA Oil Corp. v. City of Lipscomb, 293 Ala. 103, 300 So.2d 362 (1974) (within three city blocks of church and school); Capps v. Bozeman, 272 Ala. 249,130 So.2d 376 (1961) (within 1000 feet of church); State ex rel. Cummings v. Stiles, 121 Ala. 363, 25 So. 1015 (1899) (within 3 miles of school); Love v. Porter, 93 Ala. 384, 9 So. 585 (1891) (within 3 miles of school); Carlisle v. State, 91 Ala. 1, 8 So. 386 (1890) (within 3 miles of Methodist and Baptist churches); Dorman v. State, 34 Ala. 216 (1859) (within 5 miles of university); Annot., 49 A.L.R.2d 1103 (schools); Annot., 59 A.L.R.2d 1439 (churches). . . . ”
Broughton v. Ala. Alcoholic Beverage Control Board, 348 So.2d 1059 (Ala.Civ.App.1977).
Of course, if the ordinance as enacted could be interpreted so as to constitute a complete prohibition of the sale of beer in the Town of Wilmer and its police jurisdiction, it likely would be invalid under Campbell v. City of Hueytown, 289 Ala. 388, 368 So.2d 3 (1972). In the present case the effect of the ordinance clearly appears to be regulation and not prohibition.
Nor, are we persuaded by appellants’ contention that Ordinance 10-A violates the establishment clause of the first amendment of the federal Constitution. We do not find that the primary effect of the ordinance advances or inhibits religion. The effect on religion is inconsequential at most.
*701 Finally, the appellants argue that a municipality has no authority to withhold the issuance of a privilege license for the sale of off-premises beer to one licensed by the state for such sale.
In Lawrence v. Gayle, 294 Ala. 91, 312 So.2d 385 (1975), a majority of this Court noted that a city has authority to levy a reasonable license for selling beer but has no authority to totally prohibit the selling of beer by one legally licensed to do so by the state. Lawrence held “The rule with regard to the authority of a municipality to regulate (by means of licensing where an ABC license has previously been issued) the retail sale of beer, as evolved from the foregoing cases, may be stated as follows: A municipality may prescribe conditions as a prerequisite to the issuance of a beer license so long as such conditions bear a reasonable relationship to the health, safety, and public welfare of the community, but it may not under the guise of its licensing authority, prescribe such conditions as to constitute a prohibition of the sale of beer.” [Emphasis supplied.]
Thus, because these appellants’ places of business are clearly shown to be at locations where a beer license is prohibited by town ordinance, these appellants have not shown a clear legal right in themselves to the licenses applied for, and being unable to show this indispensable requisite, the judgments denying petition for mandamus are due to be and are affirmed. Capps v. Boze-man, 272 Ala. 249, 130 So.2d 376 (1961).
AFFIRMED.
TORBERT, C. J., and ALMON and EMBRY, JJ., concur.
FAULKNER, J., concurs in the result.