395 So.2d 82 (1980)
LEPESKA LEASING CORPORATION
v.
STATE of Alabama, DEPARTMENT OF REVENUE.
Civ. 2545.
Court of Civil Appeals of Alabama.
December 24, 1980.
As Modified on Denial of Rehearing January 21, 1981.
*83 Vincent F. Kilborn of Kilborn & Gibney, Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and Herbert I. Burson, Jr., Counsel, Dept. of Revenue and Asst. Atty. Gen. and B. Frank Loeb, Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for appellee.
HOLMES, Judge.
This is a tax case.
The taxpayer, Lepeska Leasing Corporation, appeals from a decree of the Circuit Court of Montgomery County affirming a final assessment for use tax entered against the taxpayer by the State Department of Revenue.
The dispositive issue is whether Alabama's use tax, §§ 40-23-60 et seq., Code of Ala. 1975, applies to the sale of tangible personal property to a lessor of such property when the lessor is exempt from the payment of Alabama lease tax, §§ 40-12-220 et seq., Code of Ala. 1975. We find that the use tax does not apply and reverse.
The record reveals the following facts:
The taxpayer is an Illinois corporation engaged in the business of leasing or renting tangible personal property to others.
In 1976, the taxpayer and Providence Hospital of Mobile, Alabama, entered into an agreement whereby the taxpayer would purchase and lease to Providence a Delta-scan x-ray taking device.
The taxpayer made the purchase as agreed and the Delta-scan was delivered to Providence.
The Delta-scan is a device containing ionizing radiation sources used in medical treatments. The gross proceeds accruing to the taxpayer from the lease of the Delta-scan are exempt from assessment of lease tax under § 40-12-223(7), Code of Ala. 1975. Neither party makes any contention that the proceeds are not so exempt.
The State after noting the above mentioned exemption assessed the taxpayer for use tax in the amount of 4% of the purchase price of the Delta-scan.
The taxpayer appeals this use tax assessment.
At the outset, we note the record discloses this case was submitted to the trial court sitting without a jury on the basis of the pleadings, stipulations of fact, exhibits, and trial briefs. Under such circumstances, the findings of the learned and distinguished trial judge do not carry any presumptions of correctness, and the appellate court must consider the evidence de novo in light of applicable legal principles. Sheehan v. Liberty Mutual Fire Insurance Co., 288 Ala. 137, 258 So.2d 719 (1972); State v. Tri-State Pharmaceutical, Ala.Civ.App., 371 So.2d 910, writ denied, Ala., 371 So.2d 914 (1979); 2A Ala. Digest, Appeal & Error Key 931(1).
We find this case to be governed by two well established rules of statutory construction. The first rule is that in cases of statutory construction, it is the duty of the court to effectuate the intent of the legislature, and in doing so, the court may examine not only the language of the enactment but its purpose and object as well. Hilyer v. Dixon, Ala.Civ.App., 373 So.2d 1123, writ denied, Ala.Civ.App., 373 So.2d 1125 (1975); *84 18 Ala. Digest, Statutes Key 181(1). The second rule is that the coverage and scope of taxing statutes are strictly construed against the taxing authority and in favor of the taxpayer. Boswell v. Abex Corp., 55 Ala.App. 477, 317 So.2d 314, cert. denied, 294 Ala. 334, 317 So.2d 317 (1975); 18 Ala. Digest, Statutes Key 245.
The taxpayer has asked this court to construe the coverage and scope of Alabama's use tax statutes.
Alabama's use tax is set forth in §§ 40-23-60 et seq., Code of Ala.1975. Section 40-23-61(A) imposes a use or excise tax on "the storage, use or other consumption in this state of tangible personal property ... purchased at retail on or after October 1, 1965, for storage, use or other consumption in this state at the rate of four percent of the sales price of such property ...."
The use tax is a tax on the consumer, the retail purchaser, of tangible personal property. State v. Toolen, 277 Ala. 120, 167 So.2d 546 (1964); Merriwether v. State, 252 Ala. 590, 42 So.2d 465 (1949). Under § 40-23-61(a), all purchases of tangible personal property are deemed to be at retail, and are therefore taxable, unless the purchase is a wholesale sale as defined in § 40-23-60(4), Code of Ala.1975. If the purchase is at wholesale, the use tax is, by definition, inapplicable. Holloway v. State, 262 Ala. 437, 79 So.2d 40 (1955); State v. Tri-State Pharmaceutical, supra. See, State v. Reynolds Metals Company, 263 Ala. 657, 83 So.2d 709 (1955).
In 1971, the legislature enacted Alabama's lease tax, §§ 40-12-220 et seq., Code of Ala.1975. Section 40-12-222 imposes "a privilege or license tax on each person engaging or continuing within this state in the business of leasing or renting tangible personal property at the rate of four percent of the gross proceeds derived by the lessor from the lease or rental of tangible personal property ...." The lease tax in § 40-12-223(7) further provides for the aforementioned exemption. Specifically, this exemption is as follows:
There are exempted from the computation of the amount of the tax levied, assessed or payable under this article the following:
. . . .
(7) The gross proceeds accruing from the leasing or rental of nuclear fuel assemblies together with the nuclear material contained therein and other nuclear material used or useful in the production of electricity and assemblies containing ionizing radiation sources together with the ionizing radiation sources contained therein used or useful in medical treatment or scientific research[.]
In other words, persons engaged in the business of leasing or renting tangible personal property to others in the State of Alabama are subject to a 4% tax on the gross proceeds derived from leases or rentals. See, State v. G. M. & O. Land Company, 49 Ala.App. 707, 275 So.2d 687, writ denied, 290 Ala. 371, 275 So.2d 690 (1973). Taxation is the rule and exemption is an exception. State v. Zewen, 270 Ala. 52, 116 So.2d 373 (1959); State v. Lamson & Sessions Co., 269 Ala. 610, 114 So.2d 893 (1959). Whether such a person will be required to actually pay the lease tax is, of course, dependent upon the availability of exemptions from the tax.
When the legislature enacted the lease tax, it is also amended the definitions of wholesale sales contained in § 40-23-60(4) of the use tax. Wholesale sales were declared to include:
A sale of tangible personal property to any person engaging in the business of leasing or renting such tangible personal property to others, if such tangible personal property is purchased for the purpose of leasing or renting it to others under a transaction subject to the privilege or license tax levied in article 4 of chapter 12 of this title against any person engaging in the business of leasing or renting tangible personal property to others[.]
This amendment excludes from the coverage of the use tax purchases made by lessors who are subject to the lease tax under § 40-12-222. See, State v. Tri-State Pharmaceutical, supra.
*85 We find that the legislature, by enacting the lease tax and amending the use tax, intended to relieve persons in the business of leasing or renting tangible personal property of the burden of the use tax and, at the same time, to impose upon them a new and distinct tax, i. e., the lease tax.
In the instant case, the State contends the taxpayer must pay either the use tax or the lease tax, and that since the taxpayer is exempt from payment of the lease tax, the taxpayer must pay the use tax.
We do not agree.
The taxpayer is a person engaged in the business of leasing or renting tangible personal property. The taxpayer is, therefore, subject to the lease tax imposed by § 40-12-222, Code of Ala.1975. The fact that the taxpayer is exempt from the payment of the tax under § 40-12-223(7), Code of Ala. 1975, does not remove the taxpayer from the coverage of the lease tax. The taxpayer's liability for taxes on the gross proceeds from the lease of the Delta-scan is governed by the provisions of the lease tax, and in that sense, the taxpayer is subject to that tax.
While we do not presume to know precisely the legislature's intent in enacting the § 40-12-223(7) lease tax exemption, it would appear that the legislature intended to foster the acquisition and use of x-ray taking devices by physicians and hospitals by lowering the costs of leasing such devices. To hold that the taxpayer is liable for use tax would, in effect, negate the benefits of the lease tax exemption. In short, the exemption would be meaningless. We cannot assume that the legislature intended to do a meaningless or futile thing. Druid City Hospital Bd. v. Epperson, Ala., 378 So.2d 696 (1979); Fletcher v. Tuscaloosa Federal Sav. and Loan Ass'n, 294 Ala. 173, 314 So.2d 51 (1975).
For the above reasons, we find that the purchase of the Delta-scan by the taxpayer was a wholesale sale as defined by § 40-23-60(4)(i), Code of Ala.1975, and that the use tax does not apply.
This case is due to be reversed.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.

ON REHEARING
HOLMES, Judge.
Opinion corrected. Application for rehearing denied.
WRIGHT, P. J., and BRADLEY, J., concur.