ROBERTSON, Presiding Judge.
Kauloosa Truck Leasing; Henry B. Cummings, Jr., d/b/a Quality Trucking; Christopher Cummings d/b/a C & C Trucking; ABC Rentals; John C. Fair d/b/a Triple F Trucking; and Quality Truck Leasing, Inc. (collectively, “lessors”), owners of trucks leased by Cummings Trucking, Inc. (CTI), appeal from the judgment of the trial court affirming the decision by the administrative law judge (ALJ) in favor of the State Department of Revenue (Department).
*750 In early 1991, the Department sent each of the lessors a “Notice of Assessment of State Lease Tax” for the monthly periods November 1987 through June 1990; between November 1987 and June 1990, the lessors were in the business of leasing trucks to CTI. The lessors leased their trucks under identical contracts labeled “Master Lease Agreement.” The lessors did not pay any state lease tax on their transactions with CTI; however, the lessors had paid sales tax on the trucks and trailers leased to CTI. Each lessor requested a hearing before an ALJ. These six administrative actions were consolidated into two sets of actions for hearings before the ALJ. In April 1992, the ALJ for both sets of actions entered final orders upholding the assessment of the state lease taxes as to each lessor.
The lessors appealed the ALJ’s decisions to the Tuscaloosa County Circuit Court. The appeals were consolidated. Before the trial court, the lessors contended that the transactions between themselves and CTI were exempt from the state lease tax pursuant to § 40-12-223(8), Ala.Code 1975. Furthermore, the lessors contended that if the transactions were not exempt, then they were entitled to a set-off for the sales tax that they had paid on the trucks.
Following an ore tenus proceeding, the trial court entered a judgment, affirming the state lease tax assessments against each lessor. The trial court found that the lessors were all in the business of leasing trucks to CTI and that the same master lease agreement was used by all of the lessors to lease their trucks to CTI. The trial court found that the lessors selected the drivers, made the decisions to fire the drivers, set the drivers’ salaries, and reimbursed CTI for the drivers’ salaries, FICA, and workmen’s compensation; however, the trial court determined that § 40-12-228(8) did not apply to the transactions between the lessors and CTI because “the exemption of § 40-12-223(8) was intended for the fact situation where the owner drives his own truck or where there is no question that the driver is the employee of the owner” and “[i]n the instant fact situations, the arrangement has more characteristics of a lease than the provision of a service.” As to the lessors’ requests for a set-off, the trial court held that the affirmative defense of the statute of limitations, asserted by the Department, barred the lessors’ set-off claims.
The lessors appeal, contending, inter alia, that their transactions with CTI are exempt from the state lease tax under § 40-12-223(8), Ala.Code 1975.
The statutes governing Alabama’s lease taxes, §§ 40-12-220 through -227, Ala. Code 1975, were enacted in 1971. Lease taxes are part of a broad category of taxes often referred to as “privilege taxes” or “license taxes.” See, §§ 40-12-1 through -425. For lease tax purposes, a lease is defined as “[a] transaction whereunder the person who owns or controls the possession of tangible personal property permits another person to have the possession or use thereof for a consideration and for the duration of a definite or indefinite period of time without transfer of the title to such property.” § 40-12-220(5). Lease taxes are due monthly in varying percentages of gross proceeds derived by the lessor from the lease, depending upon the items leased. §§ 40-12-222 and - 224; see also § 40-23-7.
Section 40-12-222 imposes a 1.5% privilege or license Qease) tax on the gross proceeds derived by the lessor from a lease or rental of “any automotive vehicle or truck trailer, semitrailer or house trailer.... ” However, § 40-12-223(8) provides an exemption from the lease taxes imposed by § 40-12-222 for:
“A transaction whereunder the lessor leases a truck or tractor-trailer or semitrailer for operation over the public roads and highways and such lessor furnishes a driver or drivers for each such vehicle, and such transaction shall be deemed to constitute the rendition of service and not a leasing or rental’ within the meaning of this article.”
Consequently, there are two types of lessors covered by the above statutes; (1) a lessor who is subject to the “lease” tax of § 40-12-222 but who is not subject to Alabama’s “sales” tax on his or her purchase of the equipment leased to others, and (2) a lessor who furnishes a driver and is exempt *751 from the “lease” tax, but who is subject to the “sales” tax on the purchase of his or her truck or tractor-trailer leased to others. § 40-12-222; § 40-23-l(9)(j); § 40-23-4(a)(7); § 40-23-60(4)®; § 40-23-101, Ala. Code 1975; Lepeska Leading Corp. v. State Dept, of Revenue, 395 So.2d 82 (Ala.Civ.App. 1981).
Therefore, we must determine whether the lessors furnished drivers for the trucks that they leased to CTI within the meaning of the exemption provided by § 40-12-223(8). In drafting § 40-12-220 et seq., the Legislature provided no specific definition of the phrase “furnishes a driver”. However, “[wjords used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.” IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344, 346 (Ala.1992). If the words are unambiguous, there is no room for judicial construction and the clear intent of the legislature must be given effect. Id. The word “furnish” means to provide or to supply something or someone for a particular purpose. Black’s Law Dictionary 675 (6th ed. 1990).
The record reveals that CTI was in the commercial transportation business and that it was regulated by the Interstate Commerce Commission (ICC). The record also reveals that CTI leased most of the trucks it used in its business. The chief executive officer of CTI, Wesley Miller Welborn, testified that the lessors hired their own drivers to drive their trucks. Welborn also testified that he qualified the lessors’ drivers according to the Department of Transportation (DOT) standards as required by the ICC. Welborn testified that the lessors set the salaries of the drivers, that CTI was not authorized to fire a driver, and that the drivers were not employees of CTI but that they were employees of the lessors.
The record reflects that CTI wrote the pay-cheeks for the drivers, but the lessors reimbursed CTI for the drivers’ salaries and matched the drivers’ FICA and unemployment deductions. Also, the lessors paid all of the drivers’ fringe benefits. The record also reflects that while CTI did not have the authority to fire the lessors’ drivers, CTI could ban them from driving the leased trucks if they violated an ICC or DOT regulation. The record further reflects that the drivers of the lessors’ trucks all testified that they considered themselves to be employees of the lessors.
Additionally, the record reveals that each of the lease agreements provided that the lessors were responsible for “any and all pilferage, spoilage, shortage, loss or damage to cargo or fines resulting from violation of any applicable Federal, state or municipal law or regulation which occur as a result of the negligence or alleged negligence of Lessor, its agents, servant or employee....” We interpret this provision as holding the lessors responsible for the actions of the drivers driving the trucks leased to CTI. The lease agreement also required the lessors to be responsible for workers compensation insurance for “all drivers furnished” to CTI.
Based upon the record evidence and the plain, ordinary and common meaning of the statutory language, we find that the lessors “furnished” drivers for the trucks that they leased to CTI within the meaning of the exemption provided by § 40-12-223(8). Therefore, we hold that the lessors were exempt from the state lease tax levied by § 40-12-222 and that the trial court erred in ordering the lessors to pay the state lease tax assessments.
The judgment of the trial court is reversed and this cause is remanded to the trial court for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.